Frances Lange (SBN: 304892)
 flange@sanderslaw.group
Craig Sanders (SBN: 284397)
 csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVEL 12 PRODUCTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KOS MEDIA, LLC, <br><br> Defendant. | Case No: <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501** <br><br> JURY TRIAL DEMAND |

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Kos Media, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringements under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff owns the rights to five separate videos and licenses them for various uses including online and print publications.

3. Upon information and belief, Defendant is a for-profit entity that is the media company behind Daily Kos, an online political community and news

organization based in Berkeley, CA.

4. Defendant owns and operates a social media account on Youtube known as Daily Kos (the "*Account*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's videos on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff is a New York limited liability company and maintains its principal place of business in Wayne County, Michigan.

7. Upon information and belief, Defendant is a Delaware limited liability company with its principal place of business in Alameda County, Oakland, California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

11. Plaintiff is a professional videography company by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. On December 3, 2022, Brendan Gutenschwager ("*Gutenschwager*") first published a video of an armed group showing up at a protest across from a church in Columbus, Ohio ("*Video 1*"). A screengrab of Video 1 is attached hereto as part of Exhibit 1.

16. Gutenschwager is a professional videographer and independent reporter operating in the United States who focuses his work on documenting protests, rallies, and breaking news. Some of his work includes coverage of civil unrest in Washington DC, Kenosha, Portland and Louisville, as well as many large political rallies and events across the United States.

17. In creating Video 1, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18. On December 26, 2022, Video 1 was registered by the USCO under Registration No. PA 2-394-432.

19. On December 3, 2022, Gutenschwager first published a video of a group known as "Patriot Front" arriving at a protest in Columbus, Ohio ("*Video 2*"). A screengrab of Video 2 is attached hereto collectively as part of Exhibit 1.

20. In creating Video 2, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for

the creation of the work.

21. On February 12, 2023, Video 2 was registered by the USCO under Registration No. PA 2-401-495.

22. On December 3, 2022, Gutenschwager first published a video of a group known as "Patriot Front" marching past individuals identifying as "Proud Boys" in Columbus, Ohio ("*Video 3*"). A screengrab of Video 3 is attached hereto collectively as part of Exhibit 1.

23. In creating Video 3, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24. On February 12, 2023, Video 3 was registered by the USCO under Registration No. PA 2-401-408.

25. On December 3, 2022, Gutenschwager first published a video of various groups protesting along North High Street in Columbus, Ohio ("*Video 4*"). A screengrab of Video 4 is attached hereto collectively as part of Exhibit 1.

26. In creating Video 4, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

27. On February 12, 2023, Video 4 was registered by the USCO under Registration No. PA 2-401-719.

28. On December 3, 2022, Gutenschwager first published a video of individuals identifying as "Proud Boys" dancing in Columbus, Ohio ("*Video 5*"). A screengrab of Video 5 is attached hereto collectively as part of Exhibit 1.

29. In creating Video 5, Gutenschwager personally selected the subject

matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

30. On February 12, 2023, Video 5 was registered by the USCO under Registration No. PA 2-401-409.

31. Video 1, Video 2, Video 3, Video 4, and Video 5 (hereinafter collectively referred to as the "*Videos*") were first published on Gutenschwager's Twitter account "Brendan Gutenschwager @BGOnTheScene" (now X.com) and contained an "@bgonthescene" watermark in the lower right corner.

32. Gutenschwager transferred all of his rights to the Videos to Plaintiff by written assignment.

B. **Defendant's Infringing Activity**

33. Defendant is the registered owner of the Account and is responsible for its content.

34. Defendant is the operator of the Account and is responsible for its content.

35. The Account is a part of and used to advance Defendant's commercial enterprise.

36. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

37. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

38. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

39. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

40. On or about December 4, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed each of the Videos on the Account as part of an on-line post at URL: https://www.youtube.com/watch?v=dhonROkt5Ik ("*Infringing Use*").

41. Video 1 was volitionally copied and included by Defendant in the Infringing Use from 2:16-3:47 ("*Infringement 1*").

42. Video 2 was volitionally copied and included by Defendant in the Infringing Use 4:10-4:44 ("*Infringement 2*").

43. Video 3 was volitionally copied and included by Defendant in the Infringing Use from 4:45-5:48 ("*Infringement 3*").

44. Video 4 was volitionally copied and included by Defendant in the Infringing Use from 6:53-7:28 ("*Infringement 4*").

45. Video 5 was volitionally copied and included by Defendant in the Infringing Use from 7:29-7:51 ("*Infringement 5*") (Infringements 1-5 are hereinafter referred to collectively as the "*Infringements*" and individually as "*Infringement*"). A copy of screengrabs depicting each of the Infringements is attached hereto as Exhibit 2.

46. Each Infringement is a copy of Plaintiff's original video that was directly copied and displayed by Defendant.

47. Plaintiff first observed the Infringements on December 20, 2022.

48. Each of Plaintiff's Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos.

49. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes specific Infringements.

50. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Videos.

51. Upon information and belief, the Videos were willfully and volitionally posted to the Account by Defendant.

52. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

53. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent as they contained a @bgonthescene watermark. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

54. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

55. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

56. Upon information and belief, Defendant has the legal right and ability

to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

57. Upon information and belief, Defendant monitors the content on its Account.

58. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

59. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

60. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Account.

61. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62. Defendant's use of the Videos harmed the actual market for the Videos.

63. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

64. On April 14, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

65. Thereafter, on April 2, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

66. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

67. Further, despite Plaintiff's notification to Defendant concerning its

infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

68. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

69. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

70. The Videos are each original, creative works in which Plaintiff owns a valid copyright.

71. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

72. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

73. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

74. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringements.

75. Upon information and belief, Defendant willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's

consent or authority.

76. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

77. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

79. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.*, and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the

alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: October 17, 2025

**SANDERS LAW GROUP**

By:  /s/ Craig Sanders
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127737
*Attorneys for Plaintiff*